68565. BROWN TRANSPORT CORPORATION v. HOLCOMBE.

DEEN, Presiding Judge.

On September 17, 1979, the appellee, Earl Holcombe, suffered injuries to his neck and back in the course of his employment as a tractor-trailer truck driver for the appellant, Brown Transport Corporation. Following the accident, the appellee received workers' compensation benefits and was treated by Dr. Donald Grady, who was selected and authorized by the appellant to provide medical treatment for the appellee.

Eventually the appellee moved to Cleveland, Tennessee, and Dr. Grady referred him to Dr. Walter Boehm in Chattanooga, Tennessee; the appellant also authorized Dr. Boehm to treat the appellee for his orthopedic injuries. On May 5, 1981, Dr. Boehm recommended a course of intensive physical therapy to the appellee's cervical and lumbar areas, and on or about July 15, 1981, Dr. Grady forwarded to the appellee a "physical therapy slip" and prescription which instructed "please treat as needed." The appellee approached the Cleveland Pain Clinic for such treatment.

On August 4, 1981, the appellee contacted the appellant and requested authorization for treatment by Dr. Gary McAllister, a physician who was apparently affiliated with the Cleveland Pain Clinic. The appellant, on August 31, 1981, denied that request and advised him that Dr. Grady's referral had been only for physical therapy. Nevertheless, the appellee subsequently sought treatment from Dr. McAllister; and the Cleveland Pain Clinic, in addition to physical therapy, also administered group therapy, biofeedback, and psychological counseling. Dr. McAllister also prescribed a firm bed mattress, which the appellee purchased. Moreover, on May 20, 1981, Dr. Boehm had concluded that he could no longer benefit the appellee, and had recommended that the appellee thereafter be followed by his regular family physician. The record does not show that the appellee ever formally requested authorization for treatment by his family physician,

and neither Dr. Grady nor the appellant ever authorized such.

The appellant refused to pay for the above medical expenses because such treatment had never been authorized. The appellee pursued the available administrative remedies, but, following a hearing, the administrative law judge concluded that the appellant was not obligated to pay the claimed expenses because only physical therapy had been authorized; the full Board of Workers' Compensation, with one dissenting member, adopted the award of the administrative law judge. The superior court, however, finding insufficient competent evidence that the claimed medical expenses had not been authorized, reversed and ordered payment of the claim. This appeal followed. *Held*:

OCGA § 34-9-200 (a) requires an employer to furnish the injured employee with medical treatment which "shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment . . ." OCGA § 34-9-201 (c), however, generally requires the employee to pursue any necessary medical treatment through a physician selected from the employer's panel of physicians, and specifically provides that "[t]he employer shall not be responsible for the charges for medical services furnished or ordered by any physician or other person selected by the employee in disregard of this subsection."

In this case, while Dr. Grady's original prescription for physical therapy was not without ambiguity, the appellant's agent clearly informed the appellee/employee on August 31, 1981, that Dr. Grady's referral had been limited to physical therapy and that other treatment or medical services were unauthorized. The appellee nevertheless proceeded to incur expenses for medical treatment which certainly could not be classified as physical therapy. There was no question of any emergency medical treatment.

Contrary to the superior court's finding, this evidence supports the Board's conclusion that the appellee's claimed expenses were for unauthorized services. Accordingly, the superior court erred in not affirming the Board under the "any evidence" rule. See *K-Mart Corp. v. Anderson*, 166 Ga. App. 421, 423 (304 SE2d 526) (1983); *Banks v. Royal Globe Ins. Co.*, 160 Ga. App. 18 (286 SE2d 309) (1981).

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984 —
REHEARING DENIED JULY 10, 1984 — ■

*H. Lowell Hopkins, Steven L. Head*, for appellant.
*Warren N. Coppedge, Jr., Tommy D. Goddard*, for appellee.