41410. HOLCOMBE v. BROWN TRANSPORT CORPORATION.
(324 SE2d 446)

MARSHALL, Presiding Justice.

Claimant Holcombe received workers' compensation benefits for neck and back injuries, and was treated by a Dr. Grady, who was selected and authorized by the claimant's employer, Brown Transport Corp. When the claimant moved to Tennessee, the employer authorized a Dr. Boehm (to whom Dr. Grady had referred the claimant) to treat the claimant for his orthopedic injuries. Dr. Grady sent the claimant a "physical therapy slip" and prescription which instructed "please treat as needed." The employer later denied the claimant's request for authorization for treatment by a Dr. McAllister, in the

same clinic as Dr. Boehm, on the ground that Dr. Grady's referral had been only for physical therapy. Subsequently, the employer paid for Dr. McAllister's physical therapy treatment, but refused to pay for Dr. McAllister's "unauthorized" treatment, viz., group therapy, biofeedback, psychological counseling, and a firm mattress.

The administrative law judge and the full Workers' Compensation Board found for the employer. The superior court reversed, finding insufficient competent evidence that the claimed medical expenses had not been authorized. The Court of Appeals reversed, leaving the employer not liable for the compensation benefits for such unauthorized treatment. *Brown Transport Corp. v. Holcombe,* 171 Ga. App. 532 (320 SE2d 552) (1984). We granted certiorari, primarily to determine the applicability of OCGA § 34-9-200 (d). *Held*:

The Court of Appeals based its holding that the treatment in question was unauthorized on the fact that, although the original prescription for physical therapy was not without ambiguity, the employer's agent had clearly informed the claimant that Dr. Grady's referral had been limited to physical therapy and that other treatment or medical services were unauthorized. The question here raised is, what is the statutory remedy for the claimant in the situation wherein the employer contends that certain treatment, for which compensation is being sought, is unauthorized?

OCGA § 34-9-201 (c) provides in part: "The physician selected under this subsection *may arrange for* any consultation, referral, and extraordinary or other specialized medical services as the nature of the injury shall require. The employer shall not be responsible for the charges for medical services furnished or ordered by any physician or other person selected by the employee in disregard of this subsection." (Emphasis supplied.) On its face, it might be assumed that this statute provides that the selected physician can make arrangements — for any consultation, referral, and extraordinary or other specialized medical services as the nature of the injury shall require — which will be automatically binding on both parties. We are confronted, however, with two statutory provisions which govern in circumstances such as in the present case, i.e., where there is a dispute as to whether the physician and/or the treatment is being changed. OCGA § 34-9-201 (d) provides: "Upon the request of an employee or an employer, the board may order a change of physician or treatment as provided under Code Section 34-9-200. The employee may make one change from one physician to another on the same panel without authorization of the board." OCGA § 34-9-200 (d), referred to in the above-quoted subsection, provides: "Upon the request of an employee or an employer, the board may in its judgment, after giving notice in writing of the request to all interested parties and allowing any interested party ten days from the date of said notice to file in writing its

objections to the request, order a change of physician or treatment and designate other treatment or another physician; and, in such case, the expenses shall be borne by the employer upon the same terms and conditions as hereinbefore provided."

It might be argued that these two parallel statutory provisions are merely permissive rather than mandatory, because they stipulate merely that the board *may* (not shall) order a change of physician and/or treatment. In a sense, these are merely permissive, as the parties can fail to have a change ordered and possibly suffer the consequences of having a claim subsequently denied (or upheld). In another sense, however, they are mandatory, at least for the protection of the parties' interests. The legislative intent to have the board resolve such disputes by its hearing and ordering powers can be seen from the fact that virtually every aspect of compensation under OCGA §§ 34-9-200 and 34-9-201 is to be effected pursuant to the board's judgment and order. Specifically, OCGA § 34-9-200 (a) makes the decision concerning what treatment and in what dollar amount the employee is entitled a decision for the board.

Consequently, the Court of Appeals correctly ruled that the expenses in question were unauthorized, hence not recoverable; however, they were unauthorized for the additional reason that no order was obtained from the board changing the physicians and/or treatment originally extant.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JANUARY 7, 1985 —
REHEARING DENIED JANUARY 24, 1985.

*Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr., Tommy D. Goddard,* for appellant.
*H. Lowell Hopkins, Steven L. Head,* for appellee.