A89A1035. ANSA MUFFLERS CORPORATION et al. v. LAW.
(383 SE2d 574)

BIRDSONG, Judge.

We granted this appeal by the employer from the order of the superior court remanding this claim to the State Board of Workers' Compensation for the limited purpose of receiving evidence and making findings of fact. The central issue is whether the employee was in the course of his employment at the time he was injured in a traffic accident.

A hearing was conducted by an administrative law judge (ALJ), evidence was presented on the issue, and the ALJ found as a matter of fact that although the accident happened on the same road which would be used by the employee both to go home for lunch and to go on his employer's business, the injury was not incurred in the course of employment because the employee was, in fact, going home for lunch at the time of the accident and the employer's business was not planned until after lunch. The employee appealed to the State Board of Workers' Compensation and the award of the ALJ was adopted by the board.

The employee appealed to the superior court pursuant to OCGA § 34-9-105 (b). The superior court concluded that there was insufficient evidence whether the employee had deviated from the course of his employment at the time of his injury, and then later found that no evidence had been introduced nor any finding made on the issue of deviation. Concluding that the deviation question was a material issue, the trial court remanded the case to the board to take evidence and make findings of fact. *Held*:

Virtually the entire hearing before the ALJ was devoted to the issue whether the employee was in the course of his employer's business at the time of his accident. This issue necessarily includes the question whether there was a deviation. While no specific finding was made using the word "deviation," it is clear this issue was considered because the ALJ found that the employee was not in the course of his employer's business at the time of the accident. This finding is supported by evidence in the record. The employee testified that he was going home for lunch in his personal car, that he was not on an errand for his employer at the time, and that he was not going on business until after lunch. Further, he had no definite appointments set up for this business. Moreover, he testified that as the operations manager of his employer's business he could eat lunch whenever he wanted.

While there may be other evidence in the record which might

support another conclusion, if there is any evidence supporting the finding of fact by the board, the claim may not be remanded to secure evidence sufficient to satisfy the superior court. When sitting as an appellate body on these cases, the superior court is bound by the "any evidence" standard of review and is not authorized to substitute its judgment for the board's on the weight or sufficiency of the evidence. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410-411 (224 SE2d 65). This is not to say that a claim may never be remanded to the board, e.g., *General Motors Corp. v. Peeples,* 138 Ga. App. 705 (227 SE2d 472), but a remand is not proper when there is some evidence in the record supporting the findings of fact by the ALJ or the board. *Howard Sheppard, Inc. v. McGowan,* supra; *General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864, 866 (182 SE2d 678). Accordingly, the remand of the case was error and must be reversed.

*Judgment reversed, with directions that the trial court enter judgment affirming the award of the State Board of Workers' Compensation. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 31, 1989 —
REHEARING DENIED JUNE 21, 1989 — 

*Anderson, Walker & Reichert, Elton L. Wall, R. Harold McCard, Jr.,* for appellants.
*Thomas M. Butler,* for appellee.