A90A2384. THOMAS v. HELEN'S ROOFING COMPANY, INC.
(404 SE2d 331)

COOPER, Judge.
We granted this discretionary appeal from a decision of the full board of workers' compensation affirmed by operation of law pursuant to OCGA § 34-9-105 (b).

The transcript from the hearing before the ALJ shows that appellant was replacing a roof on a building when he lost his footing and fell off the roof. It is undisputed that appellant was in the course of his employment with appellee at the time of the accident. Appellant was immediately taken to the hospital and was admitted for four days. The medical history taken from appellant indicated that he had used marijuana and cocaine in the past, and laboratory results re-

vealed the presence of cocaine in appellant's urine. Appellant testified that he had used drugs in the past; that he did not remember the last time he used cocaine; but that he did not use any cocaine the day of his injury. Appellant's supervisor testified that he did not see the accident; however, he examined the roof and the area where appellant fell after the accident and in his opinion appellant had to have jumped from the roof. He also testified that he had worked with appellant on another job where he witnessed appellant jump from a roof. The ALJ found that appellant's injury was caused by his intoxication from the use of cocaine and denied appellant's claim pursuant to OCGA § 34-9-17.

1. OCGA § 34-9-17 formerly provided that compensation would be denied for injuries due to intoxication. The statute was amended, effective July 1, 1990, to provide that no compensation would be allowed for injury due to intoxication by alcohol or "being under the influence of marijuana or a controlled substance. . . ." Appellant, whose injury occurred prior to the effective date of the amendment contends that the ALJ erred in finding that he was "intoxicated" as defined by Georgia law. Regardless of whether at the time of appellant's injury "intoxication" referred only to being under the influence of alcohol, previous case law indicates that it meant something more than having merely ingested alcohol or drugs. See *Parks v. Maryland Cas. Co.*, 69 Ga. App. 720 (3) (26 SE2d 562) (1943). There was no evidence that appellant was under the influence of cocaine to the extent that he was not entirely himself or that his judgment was impaired or that his actions and conduct were noticeably affected. *Parks v. Maryland Cas. Co.*, supra. " 'It is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this court. (Cits.)' [Cits.]" *Henry Gen. Hosp. v. Stephens*, 189 Ga. App. 619, 620 (1) (376 SE2d 705) (1988). However, we do not find that the presence of cocaine in appellant's urine constitutes evidence of appellant's intoxication at the time of his injury. The record being devoid of any evidence that appellant's behavior or conduct was visibly or noticeably affected by the presence of cocaine in his urine, the ALJ erred in finding that appellant was intoxicated.

2. Appellee also failed to meet its burden of proving that the presence of the cocaine in appellant's urine proximately caused the accident. Appellant's supervisor testified that he did not see the accident, yet opined that appellant must have jumped from the roof. Appellant testified that he did not jump off the roof but that he slipped and fell. Appellee argues that the mere ingestion of cocaine should be considered wilful misconduct sufficient to deny compensation under OCGA § 34-9-17. However, "to deny compensation it is not sufficient for [the] employer to show wilful misconduct; the employer also has

the burden of proving [that] the employee's misconduct proximately caused his injury. [Cits.]" *City of Buford v. Thomas*, 179 Ga. App. 769, 770 (1) (347 SE2d 713) (1986). Appellee having failed to meet its burden under OCGA § 34-9-17, the ALJ erred in denying compensation.

*Judgment reversed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 13, 1991.

*John M. Beauchamp & Associates, Kermit S. Dorough, Jr.*, for appellant.

*Divine, Wilkin, Deriso & Raulerson, W. Douglas Divine*, for appellee.