A91A0102, A91A0103. BROWN v. TRANSAMERICA IMS et al.;
and vice versa.
(407 SE2d 430)

SOGNIER, Chief Judge.

Harry Brown was an employee of Transamerica IMS when he sustained a work-related injury to his back. During the course of his treatment with his employer-approved physician, Dr. Brian Bothe, Brown began to experience depression as a result of his injury, and Dr. Bothe referred him to Dr. Michael McGarry, a psychologist. Brown did not like Dr. McGarry and requested that Dr. Bothe refer him to Dr. Robert George, a psychologist who was treating Brown's mother in law. Dr. Bothe agreed to refer Brown to Dr. George on August 1, 1988. On August 31, 1988, Dr. Bothe told Brown not to see Dr. George and asked him either to return to Dr. McGarry or to accept a referral to another psychologist. Transamerica IMS and its insurer (hereinafter referred to collectively as "Transamerica") paid the fees for Brown's visits to Dr. George through August 31, 1988, but filed a "Notice to Controvert Payment of Compensation" as to Dr. George's

fees after that date.

The administrative law judge found that Transamerica was not liable for the unpaid medical bills of Dr. George on the alternative bases that the referral by Dr. Bothe to Dr. George was not valid because it originated with Brown or, if originally valid, the referral was revoked by Dr. Bothe no later than August 31, 1988. The ALJ rejected Transamerica's argument that psychological treatment was not reasonable and necessary. The State Board of Workers' Compensation adopted the findings and conclusions of the ALJ. The Superior Court of Fulton County rejected the ALJ's reasoning that a referral is rendered invalid because it originates with an employee. The superior court agreed with the ALJ that the employer-selected physician has the authority to revoke a referral, but held that the revocation must be based upon the sound and reasonable discretion of the employer-selected physician. Based on the absence of any evidence indicating the reason behind Dr. Bothe's revocation of his referral of Brown to Dr. George, the superior court reversed the award and remanded it to the Board for the purpose of determining why Dr. Bothe revoked his referral of Brown to Dr. George. We granted the applications for discretionary review filed by Brown and Transamerica.

1. In Case No. A91A0102, Brown contends the superior court erred by finding that an employer-selected physician has the authority to revoke a referral of the employee to another physician after the employee has begun treatment with that physician. OCGA § 34-9-201 provides that "(c) [a]n employee may accept the services of a physician selected by the employer from the panel [of physicians in OCGA § 34-9-201 (b)] or may select another physician from the panel. . . . The physician selected under this subsection may arrange for any consultation, referral, and extraordinary or other specialized medical services as the nature of the injury shall require. The employer shall not be responsible for the charges for medical services furnished or ordered by any physician or other person selected by the employee in disregard of this subsection. (d) Upon the request of an employee or an employer, the board may order a change of physician or treatment as provided under Code Section 34-9-200." OCGA § 34-9-200 (b) provides that "[u]pon the request of an employee or an employer, the board may in its judgment, after giving notice in writing of the request to all interested parties and allowing any interested party ten days from the date of said notice to file in writing its objections to the request, order a change of physician or treatment and designate other treatment or another physician."

In *Holcombe v. Brown Transport Corp.*, 253 Ga. 719 (324 SE2d 446) (1985), when injured employee Holcombe moved out of the state, his employer-selected physician, Dr. Grady, provided him with authorization to obtain physical therapy and referred him to a Dr.

Boehm in Tennessee. Holcombe then sought approval from his employer to obtain not only physical therapy but also other treatment, including biofeedback and group therapy, from a second Tennessee physician, Dr. McAllister. The employer acknowledged the validity of Dr. Grady's referral for physical therapy and paid for Dr. McAllister's physical therapy treatment, but refused to pay for the "unauthorized" biofeedback and group therapy treatment. The Supreme Court granted the writ of certiorari to this court's opinion in *Brown Transport Corp. v. Holcombe*, 171 Ga. App. 532 (320 SE2d 552) (1984) to consider the "statutory remedy for the claimant in the situation wherein the employer contends that certain treatment, for which compensation is being sought, is unauthorized." *Holcombe*, supra at 720. The Supreme Court reviewed OCGA § 34-9-201 (c) and noted that "[o]n its face, it might be assumed that this statute provides that the selected physician [from the panel in OCGA § 34-9-201 (b)] can make arrangements — for any consultation, referral, and extraordinary or other specialized medical services as the nature of the injury shall require — which will be automatically binding on both parties." The Supreme Court, however, rejected that interpretation, holding that the "change of physician" provisions in OCGA § 34-9-201 (d) and OCGA § 34-9-200 (b) (miscited in *Holcombe* as OCGA § 34-9-200 (d)) "govern in circumstances such as in the present case, i.e., where there is a dispute as to whether the physician and/or the treatment is being changed." *Holcombe*, supra at 720. The Supreme Court noted that while in some respects these two parallel statutory provisions are "merely permissive," in that parties often handle changes in physicians and/or treatment between themselves without recourse to the Board, the statutory provisions "are mandatory, at least for the protection of the parties' interests," so that where the parties fail to have a change ordered they run the risk of "possibly suffer[ing] the consequences of having a claim subsequently denied (or upheld)." *Holcombe*, supra at 721. "The legislative intent to have the board resolve [disputes as to whether the physician and/or treatment may be changed] by its hearing and ordering powers can be seen from the fact that virtually every aspect of compensation under OCGA §§ 34-9-200 and 34-9-201 is to be effected pursuant to the board's judgment and order. Specifically, OCGA § 34-9-200 (a) makes the decision concerning what treatment . . . the employee is entitled [to be] a decision for the board." Id. Despite this holding, in affirming this court's decision that the biofeedback, group therapy, and other expenses incurred were unauthorized and not recoverable the Supreme Court did not utilize a "right for any reason" basis, but rather found the expenses not recoverable "for the *additional* reason that no order was obtained from the board changing the physicians and/or treatment originally extant." (Emphasis supplied.) Id.

*Holcombe* thus establishes that only parties who change physicians and/or treatment with Board approval have their respective interests protected under the Workers' Compensation Act. In acting otherwise, parties assume the consequences of their risky bilateral arrangements. *Holcombe* is controlling authority for the proposition that OCGA §§ 34-9-200 (b) and 34-9-201 (d) provide the sole method of changing physicians or treatment, including, apparently, any change effected by the employer-approved physician in referring the employee to another physician pursuant to OCGA § 34-9-201 (c). Therefore, an employer-approved physician has no authority under OCGA § 34-9-201 (c) to effect a change of physician or treatment by "revoking a referral," regardless how such revocation is made, and the superior court erred by holding to the contrary.

In the case at bar, the parties clearly failed to follow the statutory provisions of OCGA §§ 34-9-200 and 34-9-201 when Brown was referred to Dr. McGarry, when the referral of Brown to Dr. McGarry was changed, and when Brown was referred to Dr. George on August 1, 1988. The record reflects that the parties initiated no change of physician proceedings in regard to those arrangements, and no enumeration of error raises those matters in this court. Hence, under *Holcombe*, the parties have assumed the risk of acting without Board approval and are bound by the consequences of their action. Thus, we will not consider any issue regarding the validity or invalidity of these earlier arrangements. See generally *Coffee v. Silver*, 195 Ga. App. 247, 248 (2) (393 SE2d 58) (1990).

As to the matter enumerated here, the "revocation of referral" to Dr. George, it appears that the parties are seeking to accomplish precisely what *Holcombe* proscribes, i.e., dispute a change of physician without utilizing the statutory provisions provided to resolve such disputes. After having acquiesced to Brown's change to Dr. George and having paid Dr. George's fees for treating Brown, Transamerica now seeks to initiate yet another change of physician *not* by obtaining an order from the Board under the statutory provisions for change of physician, but instead by filing a notice to controvert payment of Dr. George's fees. This Transamerica cannot do. *Holcombe*, supra.

In view of the language and rationale employed in *Holcombe*, we reject the argument that because the Supreme Court in *Holcombe* found that this court "correctly ruled" in *Brown Transport Corp.*, supra, and stated its holding in *Holcombe* was merely an "additional reason" rather than the exclusive basis for the holding therein, the Supreme Court was intimating that cases where a claimant's employer has controverted payment of a physician's fee might be reviewed in the light of a motion for change of physicians and held to the standard set forth in *Franchise Enterprises v. Sullivan*, 190 Ga. App. 767, 770 (3) (380 SE2d 68) (1989). We interpret the holding in

*Holcombe* as precluding parties from litigating change of physician disputes in the guise of notices to controvert payment of that physician's fees. Therefore, although the superior court erred by holding that an employer-approved physician could revoke a referral under OCGA § 34-9-201 (c), applying the "right for any reason" principle, see generally *Harper v. Mayor &c. of Savannah*, 190 Ga. App. 637, 638 (1) (380 SE2d 78) (1989), we affirm the superior court's reversal of the Board's award on the basis that the award was contrary to law. OCGA § 34-9-105 (c) (5).

2. In Case No. A91A0103, Transamerica contends the superior court erred by reversing the Board's award and by remanding the decision for additional evidence on the justification of the revocation of the referral. Our holding in Division 1, however, controls the issue of the reversal adversely to Transamerica and renders moot its second enumeration.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 19, 1991 —
RECONSIDERATION DENIED JULY 2, 1991 —

*Charles E. Moore, Jr., Karolyn P. Mercer*, for appellant.
*Sligh, Presmanes & Jackson, John A. Sligh, Jr.*, for appellees.