## A91A2126. LEE FABRICATORS v. COOK.
(417 SE2d 35)

SOGNIER, Chief Judge.

Linda Cook, an employee of Lee Fabricators, injured her lower back in a work-related injury. After treating her back problem for a number of months and referring her to several specialists, Dr. Jubal Watts, her employer-provided physician, referred Cook to Dr. Jack Powell at her request. Dr. Powell concluded that she had become depressed from a combination of factors, including her back injury and her inability to lose weight, and determined further that her weight problem had been exacerbated by her injury. Dr. Powell then referred Cook for psychological and psychiatric treatment and hospitalization (hereinafter "psychiatric care") and also prescribed a diet program for her. Lee Fabricators denied payment for the psychiatric care, diet program, and certain prescribed medications and filed a notice to controvert payment.

Finding that Cook's weight gain and depression did stem in part from her work-related injury, the administrative law judge (ALJ) entered an award ordering employer payment for the prior psychiatric care and the diet program but denying payment for future psychiatric care on the basis that such treatment would be duplicative of the counseling provided as part of the diet program. Cook appealed to the State Board of Workers' Compensation, which affirmed the ALJ's award except that it also denied payment for the diet program because Cook had failed to cooperate with previous weight loss programs. The Superior Court of Carroll County reversed the denial of payment for future psychiatric care on the ground that OCGA § 34-9-200 (b) did not authorize the Board to order a unilateral change in treatment. We granted Lee Fabricators' application for discretionary appeal from the superior court's order.

Appellant contends the superior court erred by reversing the portion of the Board's award that affirmed the ALJ's denial of employer liability for future psychiatric care. As appellant notes, the Board award should be upheld if there is any evidence to support a finding in accordance with the contentions of the party that prevailed before the Board. *Cobb Gen. Hosp. v. Burrell,* 174 Ga. App. 631 (331 SE2d 23) (1985). We agree with the superior court that the statutes concerning the procedure to be followed in changing physicians or treatment control the outcome of this appeal, but we disagree with the conclusion reached by the court.

OCGA § 34-9-201 (c) permits the employee to select a physician from the employer's panel and authorizes the treating physicians to refer the employee for other medical care, and states further that the employer "shall not be responsible for the charges for medical services furnished or ordered by any physician or other person selected by the employee in disregard of this subsection." Paragraph (d) of § 34-9-201 provides that "[u]pon the request of an employee or an employer, the board may order a change of physician or treatment as provided under [OCGA ] § 34-9-200." OCGA § 34-9-200 (b) states that "[u]pon the request of an employee or an employer, the board may in its judgment, after giving notice in writing of the request to all interested parties and allowing any interested party ten days . . . to file in writing its objections to the request, order a change of physician or treatment and designate other treatment or another physician[, the expense of which shall be borne by the employer]." Our courts have held that, notwithstanding the seemingly permissive language of OCGA § 34-9-201 (c), OCGA §§ 34-9-200 (b) and 34-9-201 (d) prescribe the exclusive method for changing physicians or treatment, including any change effected by the referral of the employee by the employer-approved physician to another physician pursuant to OCGA § 34-9-201 (c). *Holcombe v. Brown Transport Corp.*, 253 Ga. 719 (324 SE2d 446) (1985); *Brown v. Transamerica IMS*, 200 Ga. App. 272 (407 SE2d 430) (1991), cert. dismissed. If the parties disregard this procedure, they assume the risk of acting without Board approval and are bound by the consequences of their actions. *Brown*, supra at 275. Thus, the question on appeal is not, as the superior court stated, whether the *Board* was authorized to order a change in treatment, but whether the *parties* complied with the statutory requirements.

In the case at bar, the parties failed to follow this statutory scheme when Dr. Watts referred appellee to specialists and to Dr. Powell, as neither appellant nor appellee invoked the change of physician and treatment procedure. Nonetheless, since appellant acquiesced in those arrangements, the parties are bound by the consequences of their actions and we will not consider their validity. Id. Appellee also failed to comply with the statutory procedure when she sought psychiatric care, which involved changes in both physicians and treatment. Appellant, however, did object to these changes and, like the employer in *Holcombe*, supra, did deny payment and seek a Board ruling. Compare *Brown*, supra (employer acquiesced in the change of physicians, paid the fees, and later filed a notice to controvert payment). Accordingly, appellant was entitled to a ruling denying liability for medical expenses for psychiatric care because the change of physicians and treatment was not authorized by the Board. *Holcombe*, supra at 721.

Since appellant did not appeal the Board's award of expenses for *prior* psychiatric care or enumerate as error the superior court's affirmance of that award, we will not address the validity of that ruling here. *Brown,* supra. The Board's denial of liability for *future* psychiatric care, however, was correct, albeit not on the ground stated by the Board, and thus the Board's award should have been affirmed by the superior court under the "right for any reason" principle. See *Brown,* supra at 276 (1). Accordingly, we reverse the ruling of the superior court.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 4, 1992 —
RECONSIDERATION DENIED MARCH 19, 1992 — 

*Gorby, Reeves, Moraitakis & Whiteman, Harold W. Whiteman, Jr., Andrew Nelson,* for appellant.

*Charles H. Lumpkin, Jr. & Associates, Charles H. Lumpkin, Jr.,* for appellee.