A92A0808. ISO-GRAPHICS, INC. v. EVANS.
(424 SE2d 24)

BEASLEY, Judge.

The issue in this workers' compensation case is whether the claimant/employee's injury arose out of and in the course of her employment. The employer was granted a discretionary appeal from the superior court's reversal of an award by the State Board of Workers' Compensation and the court's adoption of the ALJ's award instead, for the claimant/employee.

Evans was employed by Iso-Graphics, Inc. for eight years. She worked in a manufacturing position as an assembler of personal computer boards. On August 24, 1989, she was injured in a collision while driving her car during business hours to pick up Chris, a fellow employee, who was the son of her employer's president. He was twenty-two years of age, had been employed by the company for two months following a period of part-time employment, and worked in sales. Chris was taking his car to an automobile repair shop and leaving it there. The ALJ awarded benefits after finding that "[Evans] was instructed by the son of the owner/president to pick him up where his

personal car was being repaired for company business and to bring him back to work, that such act was a benefit to the employer as it allowed the son's car to be repaired for the employer's business use, that it allowed the son to return to his work, that this service was not a personal favor or of any benefit to [Evans], and that the act was performed during the employer's regular work hours." The ALJ concluded that the injury arose out of and in the course of Evans' employment and was compensable.

The Board disagreed with these findings of fact upon its de novo review of the evidence. It found that "the incident occurred while the employee was on a purely personal errand to do a favor for the son of the president of the company who was without authority to otherwise control the employee's work activities." The Board denied benefits.

The superior court adopted the ALJ's award because the court found from the evidence that the incident was not the result of a personal favor requested by the son, Evans derived no personal benefit performing the task, all benefit was for the employer, Evans' acting at the son's request was under the belief that the son was furthering his father's business needs, and Evans reasonably believed that she was performing an activity beneficial to her employer.

The superior court exceeded its authority in substituting its own findings of fact for those of the Board. It was bound by the Board's findings, OCGA § 34-9-105 (c). As to the facts, it could reverse the Board only if there was "not sufficient competent evidence in the record to warrant the members making the decision." OCGA § 34-9-105 (c) (4). *Franks v. Avila*, 200 Ga. App. 733, 735 (4) (409 SE2d 564) (1991). See also *Thomas v. Helen's Roofing Co.*, 199 Ga. App. 161, 162 (1) (404 SE2d 331) (1991). Whether Evans was on a personal mission for the co-employee or rather on a work-related trip was a question of fact, not one of law. The evidence was in dispute.

There was evidence that the employer's son did not use his car for the employer's business, that the son did not work in the same area as Evans, that he had no authority over her, that he asked but did not direct her to pick him up after inquiring about her own workload, that she was never told by her superior, the president of the employer, to answer to the son, that she left her work, that she never sought mileage for the trip, and that the group health insurance forms she submitted stated that the injuries were not work-related.

This comprised sufficient competent evidence for the Board's findings of fact and the decision that the incident did not arise out of and in the course of Evans' employment. That being the case, the court was obliged to affirm the award. See the nine principles which govern the appellate courts' review. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410-411 (224 SE2d 65) (1976). See also *Lavine v. American Ins. Co.*, 179 Ga. App. 898, 900 (348 SE2d 114)

(1986).

The evidence supported the finding that the trip out of the employer's business was, instead, a deviation from the employer's business. See *Ansa Mufflers Corp. v. Law*, 192 Ga. App. 45 (383 SE2d 574) (1989). Even if it were found that Evans made it convenient for the co-employee, who was on his own personal errand, to return to his work more quickly, this fact did not compel the conclusion that her participation in the project arose out of, or was in the course of, her employment.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 2, 1992 —
RECONSIDERATION DENIED OCTOBER 22, 1992.

*Nicholas E. Bakatsas*, for appellant.
*Burdine & Brown, Thomas F. Brown II, Beverly L. Cohen*, for appellee.