## A93A0729. DART CONTAINER CORPORATION et al. v. JONES.
(433 SE2d 417)

Pope, Chief Judge.

On April 14, 1988, the claimant, Samuel Jones, while working as a truck driver for Dart Container Corporation, was involved in a work-related automobile accident and was seriously injured. While his claim for workers' compensation benefits was initially accepted, in December 1990 Dart filed notice that it intended to controvert "the medical condition of the back and the medical condition of the kidney/prostate/impotence on the ground that those injuries did not arise out of and in the course of employment." The sole issue presented to the ALJ was whether the controverted medical treatment was for injuries arising out of and in the course of the claimant's employment. The ALJ found in favor of the claimant. Dart and its servicing agent for workers' compensation coverage (collectively referred to as Dart) appealed the ALJ's award to the board on the grounds: (1) the ALJ acted without or in excess of his powers; (2) the facts found by the ALJ do not support the award; (3) there was insufficient evidence to support the ALJ's award; and (4) the award is contrary to the law. On March 12, 1992, the board adopted the award of the ALJ as its award.

On the same day the board issued its award, this court issued our decision in *Lee Fabricators v. Cook*, 203 Ga. App. 450 (417 SE2d 35) (1992). Thereafter, Dart filed an appeal from the board's award to the superior court on the same bases as it appealed the ALJ's award. However, in its brief to the superior court Dart raised for the first time the issue that the claimant was not entitled to receive compensation for the controverted medical treatment because that treatment was provided by unauthorized doctors. Dart argued the doctors were unauthorized because the claimant did not seek a change in physicians in the manner required by OCGA § 34-9-201 (d). In support of that argument, Dart relied heavily on our decision in *Lee Fabricators*. Dart apparently abandoned its argument that the evidence did not support the ALJ's and later the board's finding that the controverted medical treatment was for injuries arising out of or in the course of the claimant's employment because that issue was not briefed to the superior court. The superior court issued an order affirming the award of the board and further holding our decision in *Lee Fabricators* should be given prospective application only. Dart filed an application for discretionary appeal from the superior court's order.

We granted the application for discretionary appeal filed by Dart to consider whether the superior court erred in holding that our decision in *Lee Fabricators* should be applied prospectively only. Before addressing that issue, however, we will first address Dart's argument the superior court erred in affirming the award of the board because

the claimant did not comply with the requirements of OCGA § 34-9-201 (d). As we noted above, that argument was first raised on appeal to the superior court. Issues not raised to the board cannot be considered on appeal. *Carod Bldg. Svcs. v. Williams*, 182 Ga. App. 340, 341 (355 SE2d 723) (1987); *City of Buford v. Thomas*, 179 Ga. App. 769, 772 (2) (347 SE2d 713) (1986). To the extent the superior court order affirmed the board's award, we affirm the superior court's judgment since a judgment should be affirmed if it is right for any reason. *Spiezio v. American Gen. Finance*, 204 Ga. App. 350 (5) (419 SE2d 149) (1992).

Although the issue of the application of *Lee Fabricators* to this case was not presented to the board and it is questionable whether the superior court should have considered this issue for the first time on appeal, because the superior court erroneously held that *Lee Fabricators* should not be applied retroactively we will address that issue. In *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), our Supreme Court set forth a tripart test for determining whether a decision should be applied prospectively or retroactively: "(1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed[;] (2) [b]alance of the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation[; and] (3) [w]eigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity." (Indentations omitted.) Id. at 712 (citing *Chevron Oil v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971)).

Our decision in *Lee Fabricators* did not establish a new principle of law, overrule past precedent or decide an issue of first impression that was not clearly foreshadowed. In that case we merely reiterated that OCGA §§ 34-9-200 (b) and 34-9-201 prescribe the exclusive method for changing physicians or treatment and if parties disregarded the procedures set forth clearly in those Code sections they are bound by the consequences of their actions. 203 Ga. App. at 451. As our decision in *Lee Fabricators* indicates, that issue had been considered in two previous Georgia appellate decisions, *Holcombe v. Brown Transport Corp.*, 253 Ga. 719 (324 SE2d 446) (1985) and *Brown v. Transamerica IMS*, 200 Ga. App. 272 (407 SE2d 430) (1991). Id. Clearly, our decision in *Lee Fabricators* should work no hardship or injustice if applied retroactively. Accordingly we reverse the holding of the superior court that our decision in *Lee Fabricators* should not be applied retroactively. *Abu-Khdeir v. T. J. Maxx, Inc.*,

191 Ga. App. 523, 524 (382 SE2d 216) (1989); *Dehco, Inc. v. State Hwy. Dept.*, 147 Ga. App. 476, 477 (249 SE2d 282) (1978).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 6, 1993.

*Savell & Williams, Carrie L. Christie, Benjamin H. Terry*, for appellants.

*E. Earl Mallard*, for appellee.