A94A0823. CAPITAL ATLANTA, INC. et al. v. CARROLL.
(444 SE2d 592)

POPE, Chief Judge.

In this workers' compensation case, the employer and its insurer appeal an order of the Superior Court affirming the Board's award granting the claimant income and medical benefits as well as attorney fees.

The claimant, a 35-year-old ironworker, injured his right knee while on the job on January 22, 1992. Fifteen years earlier, the claimant had injured the same knee and undergone surgery. However, Dr. Lawrence Reckles, the claimant's treating physician, testified that the claimant's prior injury had completely healed; that the current injury involved a different part of the patella tendon; that the prior injury and surgery had no significant relationship to the current injury; and that the prior injury did not make the current injury any more significant or serious than it otherwise would have been. Even Dr. Frederick Wener, the independent medical examiner who examined the claimant at the employer/insurer's request, opined that there was "probably no relationship" between the prior and current injuries.

Immediately after the accident, the claimant was taken to the Industrial Clinic, a clinic listed on the employer's panel of approved physicians. See Board Rule 201. There he came under the care of Dr. Reckles, who subsequently operated on his knee and continued to provide follow-up care. On February 13, 1992, the employer/insurer

filed a notice to controvert the claim, asserting that it was not liable for income or medical benefits because the claimant failed to disclose his prior knee injury on his employment application and reserving its right to controvert the claim on "any and all issues which may arise." On February 18, 1992, Dr. Reckles noticed that the claimant was having difficulty adjusting to being in pain, out of work and uncertain about his future, and he agreed to the request of claimant and his wife for a referral to a psychologist near their home, Dr. Middleton Morehead.

The employer/insurer based its defense on *Ga. Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989), in which our Supreme Court held that an employer/insurer could deny compensation to a worker who wilfully misrepresented his physical condition on his employment application *if* the employer relied on the misrepresentation in hiring the employee *and* there was a causal connection between the misrepresentation and the injury. After an evidentiary hearing, the Administrative Law Judge found that the claimant wilfully misrepresented his medical history on his application and that the employer relied on this misrepresentation, but that there was no causal connection between the misrepresented injury and the current injury. Accordingly, the ALJ rejected the employer/insurer's *Rycroft* defense and awarded the claimant benefits and attorney fees.

1. The employer/insurer argues that it showed a causal connection and that its *Rycroft* defense is consequently meritorious. The ALJ's finding that there is no causal connection between the misrepresented prior injury and the current injury is supported by evidence in the record and thus must be accepted on appeal. See *Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478 (382 SE2d 150) (1989). Nonetheless, the employer/insurer argues that there is a causal connection between the misrepresentation and the current injury because the claimant would not have been employed, and thus would not have received the current work-related injury, if he had not misrepresented his medical history. However, if this type of causal connection were sufficient, the third prong of the three-prong test — causal connection — would be rendered meaningless, since it would be satisfied any time the second prong — reliance — was met. Indeed, "[t]he obvious import of the third factor is that there must be a causal connection between the employee's pre-existing physical condition, regarding which the employee made the false representation, and the injury for which benefits are claimed, since to interpret it otherwise would lead to the ludicrous requirement that the false representation, in and of itself (rather than the subject matter of that representation), be causally connected to the injury." *Byrd's Elec. &c. v. Johnson*, 199 Ga. App. 621, 622 (405 SE2d 548) (1991). See also *Ledbetter v. Pine Knoll Nursing Home*, 180 Ga. App. 654 (1) (350

SE2d 299) (1986). Accordingly, the employer/insurer's argument is without merit and its *Rycroft* defense was properly rejected.

2. The award of attorney fees was also not error. OCGA § 34-9-108 (b) (1) provides for the assessment of attorney fees against a party who prosecutes or defends a proceeding "without reasonable grounds." In this case, the uncontroverted medical testimony was that there was no causal connection between the claimant's prior medical condition and his current injury. Moreover, at the time of these proceedings, we had already rejected the employer/insurer's position that there was a causal connection because the claimant would not have been working and thus would not have been injured had the misrepresentation not been made. See *Byrd's Elec.*, supra. The employer/insurer's reliance on a *Rycroft* defense was therefore unreasonable and there was no error in assessing attorney fees.

3. The employer/insurer also contends that it is not responsible for medical payments to Dr. Morehead, the psychologist, because the claimant did not follow the procedures set forth in OCGA §§ 34-9-200 (b) and 34-9-201 (d) for changing his treating physician. It is clear from the record that the claimant was not changing physicians when he went to see Dr. Morehead for psychological counseling but was instead seeking specialized medical services ancillary to his treating physician's care, which is explicitly authorized by OCGA § 34-9-201 (c). As the employer/insurer points out, however, this Court has held that despite the express authorization of referrals contained in OCGA § 34-9-201 (c), a referral by a treating physician to another care provider constitutes a change of physician or treatment requiring approval by the Board as set forth in OCGA §§ 34-9-200 (b) and 34-9-201 (d). See *Lee Fabricators v. Cook*, 203 Ga. App. 450 (417 SE2d 35) (1992); *Brown v. Transamerica, IMS*, 200 Ga. App. 272 (1) (407 SE2d 430) (1991).[1]

(a) The employer/insurer's contention is without merit because the employer/insurer had controverted the claimant's claim at the time of the referral. The statutory scheme set forth in OCGA §§ 34-9-200 and 34-9-201 reflects a quid pro quo: the employer provides medical benefits and is in turn afforded some degree of control over the claimant's course of treatment. On the other hand, when the employer refuses to pay medical benefits and that refusal is later deemed unfounded, the employer cannot rely on the claimant's failure to com-

---

[1] *Lee Fabricators* and *Brown* rely on *Holcombe v. Brown Transport Corp.*, 253 Ga. 719 (324 SE2d 446) (1985). Unlike the claimants in *Lee Fabricators*, *Brown* and this case, however, the claimant in *Holcombe* had in fact "changed" doctors, as he moved to another state and necessarily stopped seeing his prior treating physician. Thus, *Holcombe* could be read to simply hold that a claimant cannot avoid getting Board approval for a change of physicians by accomplishing the change through a referral from the old physician to the new one.

ply with the requirements of the statutory scheme to deny liability for claimant's medical expenses. See *Boaz v. K-Mart Corp.*, 254 Ga. 707 (1) (334 SE2d 167) (1985); *Ga. Power Co. v. Brasill*, 171 Ga. App. 569 (320 SE2d 573) (1984), aff'd, 253 Ga. 766 (327 SE2d 226) (1985).

(b) Furthermore, we note for the benefit of counsel practicing in this area that the General Assembly has just amended OCGA § 34-9-201 to specify that referrals for ancillary medical services do not require authorization from the Board, thereby legislatively overruling *Lee Fabricators* and *Brown* as of July 1, 1994, the effective date of the bill. H. B. No. 1505. Ga. L. 1994, p. 895, § 11 (b) (2).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 11, 1994.

*Swift, Currie, McGhee & Hiers, Jodi B. Ginsberg, Michael H. Friedman, Leigh L. Jones*, for appellants.

*Charles H. Lumpkin, Jr.*, for appellee.