A94A0948. CRAIG v. RED LOBSTER RESTAURANT et al.
(449 SE2d 307)

SMITH, Judge.

We granted an application for discretionary appeal in this workers' compensation case in order to review the superior court's ruling in light of *Dart Container Corp. v. Jones,* 209 Ga. App. 331 (433 SE2d 417) (1993). We reverse, because we conclude that the superior court erred in setting aside the full board's decision awarding benefits.

Barbara Craig suffered a compensable back injury in a fall at work and underwent two surgeries, which did not relieve her pain. She was referred to a psychiatrist for pain control, then underwent an MRI which indicated persistent disc herniation and led to recommendation of a third operation. Because she had suffered severe depression after her first two surgeries, the neurosurgeon sent Craig to a psychologist to determine her psychological fitness for surgery. His referral letter asked the psychologist to evaluate "treatment and management of depression resulting from chronic pain due to work injury to cervical spine."

The employer/insurer, Red Lobster and Liberty Mutual ("Red Lobster") refused to pay the psychologist's bills on the ground that Craig's depression was caused by earlier traumatic events in the claimant's life, not her work-related injury. The ALJ found that the claimant had sufficiently and convincingly linked her work-related accident to the need for psychological services. He found that Red Lobster was responsible for paying for them and assessed attorney fees for its unreasonable defense of the claim. Red Lobster appealed to the full board, again stating that the only issue was the causal connection between Craig's injury and her psychological treatment. The full board affirmed the ALJ's award, and Red Lobster appealed to the

superior court.

The superior court found sufficient evidence to support the board's award. It also found, however, that the board had not considered an issue raised for the first time by Red Lobster in the superior court. Red Lobster contended to the superior court that the referral of Craig to the psychologist was unauthorized because she had not initiated a change of physician or treatment proceeding pursuant to OCGA §§ 34-9-201 (d) and 34-9-200 (b), which are mandatory. *Brown v. Transamerica IMS*, 200 Ga. App. 272 (407 SE2d 430) (1991); *Lee Fabricators v. Cook*, 203 Ga. App. 450 (417 SE2d 35) (1992); but see *Capital Atlanta v. Carroll*, 213 Ga. App. 214, 217 (3) (a) (444 SE2d 592) (1994) (noting legislative overruling of *Lee* and *Brown* effective July 1, 1994). After finding that the board had not considered this issue, the court set aside the board's decision and remanded the case for its consideration.

This case is controlled by *Dart Container Corp. v. Jones*, supra, in which the identical issue of failure to initiate a change of physician or treatment proceeding was raised by the employer for the first time in the superior court. This court held that issues not raised to the board cannot be considered on appeal and declined to hold that the superior court erred in affirming the board's award. 209 Ga. App. at 331-332. In this case, the superior court erroneously relied on the alleged failure to institute a change of physician proceeding to reverse the decision of the full board awarding compensation to Craig. Since the superior court also found that there was sufficient evidence to support the award of compensation, its decision must be reversed.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

<small>DECIDED SEPTEMBER 22, 1994 —
RECONSIDERATION DENIED OCTOBER 14, 1994 —</small>

*Bennie H. Black,* for appellant.
*Hines & Head, Myrick C. Shinall,* for appellees.