33684.   McBURNEY *v.* WOODWARD.

DECIDED OCTOBER 4, 1951.   REHEARING DENIED NOVEMBER 9, 1951.

808

810

*Randall Evans Jr.*, for plaintiff.

*Wilmer D. Lanier*, for defendant.

"If a special demurrer is urged to a petition, or other pleading, already of file, attacking only certain parts of it, and

is sustained, the result is to eliminate the parts so held bad." *White* v. *Little*, 139 *Ga.* 522 (3) (77 S. E. 646). Where the special demurrer goes only to some particular part of the petition, without which a valid cause of action would still be set forth, the result of sustaining the special demurrer would be to strike the defective portion of the petition, not to dismiss the action. And where a special demurrer to a petition is sustained with leave to amend, and there is a failure or refusal to amend, the petition should be dismissed, if the defect or delinquency relates to the entire cause of action. *Cheatham* v. *Palmer*, 191 *Ga.* 617 (5) (13 S. E. 2d, 674); *McSwain* v. *Edge*, 6 *Ga. App.* 9, 11 (64 S. E. 116); *Farmers Mutual Fire Ins. Co.* v. *Pollock*, 52 *Ga. App.* 603 (1) (184 S. E. 383); *Elliott* v. *Orange Crush Bottling Co.*, 56 *Ga. App.* 313, 315 (192 S. E. 530).

The order of the court sustaining the special demurrer to sub-paragraph 3 of paragraph 9 of the petition did not authorize or require that said paragraph be amended, nor did it impose a condition of dismissal of the petition, if the plaintiff failed to amend said paragraph. The result of the order sustaining the demurrer to that paragraph was to strike that paragraph from the petition. This subparagraph did not relate to the entire cause of action, and the striking of the same did not destroy the entire cause of action. This subparagraph sought to recover $2232.25 paid by the plaintiff as the balance of the purchase-price of the Buick automobile. Subparagraphs 1 and 2 of said paragraph 9 sought to recover, respectively, $400, the cash payment on the Buick, and $850, the value of the Chevrolet traded in on the Buick. Only one item of the damages sued for was contained in said stricken paragraph. This left the cause of action standing as to the other two items of damages sued for in subparagraphs 1 and 2 of paragraph 9 of the petition.

"Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action." Code, § 105-302. Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party, and in the latter case renders the sale voidable at the election of the party injured. Code, § 96-202. Also, see Code §§ 20-502 and 20-906, as to fraud rendering contracts voidable. The essential

elements of an action for fraud and deceit, as stated in *Brown* v.
*Ragsdale Motor Co.*, 65 *Ga. App.* 727 (3) (16 S. E. 2d, 176),
are: "(1) That the defendant made the representations; (2)
that at the time he knew they were false (or what the law regards
as the equivalent of knowledge) ; (3) that he made them with
the intention and purpose of deceiving the plaintiff; (4) that the
plaintiff relied on such representations; (5) that the plaintiff
sustained the alleged loss and damage as the proximate result
of their having been made."

Where the petition set out a cause of action, irrespective of
the ruling on the special demurrer to subparagraph 3 of para-
graph 9 thereof, it was error for the trial judge to dismiss the
petition on the ground that the plaintiff failed or refused to
amend subparagraph 3 of paragraph 9 thereof, which had previ-
ously been stricken on special demurrer. And especially is this
true where the order sustaining the special demurrer to said
subparagraph did not authorize or require that such paragraph
be amended or impose a penalty of dismissal of the petition for
failure to amend said paragraph.

■ Error is assigned on the order sustaining the special
demurrer to subparagraph 3 of paragraph 9 of the petition. Said
subparagraph and the demurrer thereto are set out above. It
is alleged in this paragraph that the plaintiff had been damaged
by the loss of $2232.25, paid by him as the balance of the
purchase-price of the automobile, said amount having been paid
to a named person as the attorney for the General Finance &
Thrift Corporation, which corporation had financed the automo-
bile for the defendant; that said finance corporation was repre-
sented by this named attorney, who also represented the
defendant, Woodward, and who had knowledge of the financing
of said automobile by said finance corporation; that the defen-.
dant, Woodward, had been paid approximately $2500 for said
financing deal by said finance corporation; that said finance
corporation, through said named attorney, had sued out an
attachment against the plaintiff and his said automobile which
was seized under said process; and that the plaintiff paid the
amount named above as the balance of the purchase-price
because his property had been seized as thus stated.

The plaintiff in this subparagraph was suing for a loss which

he alleged he sustained on account of the fraud and deceit practiced upon him by the defendant, the same being the balance of the purchase-price of the automobile. He alleged that he paid this balance and set it out as one item of his damages. We think the allegations of this paragraph of the petition are sufficient and specific enough with respect to this item of loss which the plaintiff alleged he sustained because of the fraud and deceit of the defendant, and that the court erred in sustaining the special demurrer thereto.

*Judgment reversed. Felton and Worrill, JJ., concur.*