84 Ga. App. 807 (1951)
67 S.E.2d 398
McBURNEY
v.
WOODWARD.
33684.
Court of Appeals of Georgia.
Decided October 4, 1951.
Rehearing Denied November 9, 1951.
Randall Evans Jr., for plaintiff.
Wilmer D. Lanier, for defendant.
*815 SUTTON, C. J.
Dykins McBurney sued Lawtis J. Woodward, trading as Uptown Motor Sales, in the Superior Court of Richmond County, on April 4, 1949. The action was based upon fraud and deceit in the sale of a Buick automobile by the defendant to the plaintiff, it being alleged that the plaintiff elected to rescind and had tendered said automobile back to the defendant. The defendant filed a general demurrer to the petition and also demurred specially to paragraphs 3, 4, 5, 6, 7, 8, 11, subparagraph 3 of paragraph 9. The plaintiff, on May 2, 1949, amended his petition by striking paragraphs 3, 6, 7, and subparagraph 3 of paragraph 9 and by substituting in lieu thereof new paragraphs 3, 6, 7, and subparagraph 3 of paragraph 9; and paragraph 4 was also amended. On July 25, 1949, the plaintiff filed a second amendment, amending paragraph 4 and subparagraph 3 of paragraph 9 of the petition. The defendant then renewed his special demurrer to the petition as amended the second time by demurring specially: (1) to paragraph 6 and (2) to subparagraph 3 of paragraph 9 of the amended petition.
The court, on July 26, 1949, entered the following order on this special demurrer to said two named paragraphs: "The within demurrer coming on to be heard, and after argument of counsel for both sides, the same is hereby sustained on each and every ground thereof." The plaintiff then filed an amendment on August 24, 1949, to said paragraph 6 of the petition to meet the special demurrer thereto, and no objection was made to this *808 amendment. The defendant, on August 25, 1949, renewed his general demurrer to the petition as amended.
The plaintiff filed exceptions pendente lite to the sustaining of the special demurrer to subparagraph 3 of paragraph 9 of the petition. This subparagraph and the special demurrer thereto will hereafter be set out following the statement of the petition. The plaintiff's petition as finally amended, omitting the allegations as to names of the parties and the jurisdiction of the court, is as follows: "3rd. That on November 24, 1947, plaintiff purchased from defendant a certain Buick automobile at and for the total price of $3818, of which plaintiff paid $400 down in cash and traded in his Chevrolet automobile for an allowance of $850 which was the actual market value of the same.
"4th. That because of defendant's representations that said automobile was new, and had not been driven more than approximately one hundred (100) miles, plaintiff purchased said automobile from defendant.
"5th. That such representations as to said automobile being new and not having been driven more than approximately one hundred miles were false, and were made by defendant for the purpose of and with intention by him of deceiving plaintiff, and he did deceive plaintiff thereby, and plaintiff, relying on said representations as being true, and believing them to be true, purchased said automobile on the terms as aforesaid and has sustained damages as a result thereof.
"6th. That said automobile though represented by defendant to plaintiff to be new, was in fact not new and on November 25 or November 26, plaintiff learned that fact. He had been awake all night on the 25th and had gone to Jacksonville in the night time and during the hours of darkness and had driven said car back home arriving while tired and sleepy; and immediately on discovery of said fact that the car was not new, he asked Mr. Randall Evans Jr. to get his car (Chevrolet) and money back and to turn the Buick automobile back over to defendant, said Evans being employed as plaintiff's attorney for that purpose, on the day of the discovery of the car's not being new. The terms of the offer were in writing, and a copy of same is hereto attached, that is, is copied following this language, being a letter from Evans & Evans, by Randall Evans Jr. plaintiff's *809 attorney, to Uptown Motor Sales, defendant herein, and which was mailed in the U. S. mails at Thomson, Ga., and addressed to 1424 Broad Street, Augusta, Georgia, and received by defendant, and being as follows:
 "`Uptown Motor Sales, Dec. 1, 1947.
 1424 Broad Street,
 Augusta, Georgia.
Gentlemen:
`Mr. Dykins McBurney, of Hephzibah, Georgia, has asked me to take up with you the matter of his recent purchase of a new Roadmaster Buick automobile.
`He states that you represented that it was new, with 100 miles only on the mileage, which representation he says he has since learned to be incorrect. He further states that the papers you have given him in description of the car, listing motor numbers and serial numbers, do not correspond with the car that you have sold him.
`He states that the following charges were made against him for this car to wit: $400 paid down at time of purchase, $850 allowed him on his Chevrolet coupe, $2568 deferred payment for which he has given you his note, $3818 total; and that this sum was represented by you as being the correct "list" price, which he says is not correct.
`Mr. McBurney wishes to give you back your automobile and have you give him back his note, $400 cash, and his automobile, and he authorizes me to offer to bring the Buick in immediately if you agree to this rescission.
`Thank you to advise me at once as to your attitude towards "trading back." Enclosed is stamped and selfaddressed envelope for your convenience.
 `Yours truly,
 Evans & Evans,
 By: Randall Evans Jr.'
"7th. That said automobile was actually bought on June 7, 1947, in the State of Pennsylvania, and had been driven several thousand miles prior to the time when defendant sold it to plaintiff, and had passed thru the hands of Metropolitan Buick Company, of Pittsburgh, Pennsylvania  Dr. Edward E. Black, of Pittsburgh, Pennsylvania  Homestead Pontiac Company, *810 of Homestead Pennsylvania  Irvin & Irvin, of Greenville, South Carolina, and then to L. J. Woodward, trading as Uptown Motor Sales, of Augusta, Georgia, who sold same as a new automobile to plaintiff, Dykins McBurney, all of which was well known to defendant, prior to the time when he sold it to Dykins McBurney, representing it as a new automobile.
"8th. That the action of defendant in making such false representations as to said car being new and as to its having been driven approximately 100 miles only was fraudulent and deceitful and subjects the defendant to this action for fraud and deceit, and to the payment of punitive damages and attorney's fees, in addition to the actual damages sustained by plaintiff.
"9th. That plaintiff has been damaged by such fraud and deceit of defendant as follows:
"(1) By the loss of $400 in cash paid down as first payment on the said Buick automobile.
"(2) By the loss of plaintiff's Chevrolet automobile, traded in with a credit allowance of $850, to defendant.
"10th. That plaintiff prays a recovery of $2232.25 as actual damages sustained in the premises, plus $850, and plus $400 as set forth above.
"11th. That by reason of the aggravating circumstances in the actions and conduct and intentions of defendant, plaintiff prays the recovery of punitive damages and attorney's fees in addition to such actual damages to deter the defendant from conducting himself in like manner, and to prevent his deceiving other purchasers of automobiles as to whether they are new or used, and as to the mileage which they have traveled, in the sum of ten thousand dollars ($10,000).
"12th. Plaintiff shows that he still has the automobile of said defendant and is ready and willing to turn same over to him at any time, and to account for the usual wear and tear incident to the use of such automobile, and shows further that he has used it only because he could not persuade defendant to accept the return of said car, and to return plaintiff's automobile, or the money paid him.
"Wherefore, plaintiff prays:
"A. That he have judgment for $3482.25, less the wear and tear for use of said Buick automobile.
*811 "B. That he have judgment for $10,000 for punitive damages and attorney's fees."
Subparagraph 3 of paragraph 9, as amended, which was stricken on demurrer, was as follows: "3. By the loss of $2232.25 paid by plaintiff as the balance due on purchase-price, same having been paid to Wilmer D. Lanier, as attorney for General Finance & Thrift Corporation, which said corporation had financed said car for the defendant, according to plaintiff's information and belief, and which allegation he makes on information and belief. That said General Finance & Thrift Corporation was represented by Attorney Wilmer D. Lanier, who also represented Lawtis J. Woodward, defendant herein, and who had knowledge of the financing of said car by said General Finance & Thrift Corporation; and the said Lawtis J. Woodward had been paid a sum of money for said financing deal by the said General Finance & Thrift Corporation of approximately two thousand five hundred dollars; and said General Finance & Thrift Corporation, thru said attorney, issued a purchase-money attachment from Municipal Court of City of Augusta against Dykins McBurney and said car and same was seized under said process, and necessitated his giving bond for same; and a copy of said purchase money attachment is hereto attached as Exhibit A. Plaintiff paid said sum because his property had been levied on under the circumstances aforesaid."
The special demurrer to this subparagraph was as follows: "(2) There is not alleged in subparagraph three of paragraph nine as amended of plaintiff's second amendment what knowledge Wilmer D. Lanier, as attorney therein referred to, had, nor a statement of the things that he knew, and the clause therein, to wit: `who had knowledge of the financing of said car by said General Finance & Thrift Corporation' is a conclusion of the pleader without any facts being alleged as to what this knowledge was, nor how the car was financed and said paragraph as a whole is a conclusion of the pleader with no facts alleged upon which to base it, and further to said paragraph as amended because there is not stated how the deal therein referred to was financed in connection with the clause `financing deal by the General Finance & Thrift Corporation,' nor is there alleged what the General Finance & Thrift Corporation paid the $2500 for, *812 nor is a copy thereof set out, though it is alleged in said petition, `thereafter the General Finance & Thrift Corporation took a purchase-money attachment for the balance due it on a used car,' being the car in question in this case. There is not alleged any transfer of the indebtedness from said defendant to the said finance company, nor the terms thereof, nor alleged what was transferred and the terms thereof and what money or how and to what the General Finance & Thrift Corporation secured possession and right, title and interest by reason of the financing referred to and which it thereafter secured purchase-money attachment thereon, and because there is not alleged the complete purchasemoney attachment proceedings referred to but only a copy of the purchase-money attachment, and it being necessary, as a matter of law before there could be a valid purchase-money attachment, a declaration had to be filed to the first term, and the court should require a copy of the declaration in attachment attached so as to give the full and complete contentions as stated in plaintiff's pleadings therein and to show what actually the plaintiff paid for."
The order of the court sustaining this demurrer is set out above. The order did not require or make any provision that this paragraph of the petition should be amended. There were no further amendments to the petition, or demurrers thereto, before the court entered the final order on April 27, 1951, dismissing the petition. In the judgment of dismissal, among other things, it is stated: "The court now, after further consideration, upon concluding that the plaintiff has failed and refused to amend his petition to meet the second ground of defendant's renewal of his special demurrer to plaintiff's petition as amended the second time, the second ground relating to subparagraph three of paragraph nine of plaintiff's petition as amended, now enters this its judgment, to wit: Plaintiff's petition as amended is hereby dismissed." The exception here is to the judgment sustaining the special demurrer to subparagraph 3 of paragraph 9 of the petition, and to the judgment dismissing the petition.