46487. GEORGIA ELECTRIC COMPANY et al. v. RYCROFT.
(378 SE2d 111)

MARSHALL, Chief Justice.

The Workers' Compensation Board awarded John C. Rycroft workers' compensation for temporary total disability. OCGA § 34-9-261. The board denied the subsequent request of the claimant's em-

---

ployer and its workers' compensation insurer for an order authorizing them to suspend payment of compensation on the ground of the claimant's alleged fraudulent procurement of employment with the employer. The superior court upheld the board's denial of the requested order. The Court of Appeals denied an application for discretionary appeal. We granted a petition for the writ of certiorari and the application for discretionary appeal. We reverse.

In 1984, while working for a previous employer, the claimant-appellee sustained a herniated-disc back injury. A workers' compensation claim for that injury was settled in 1985. The claimant underwent two bilateral decompressive lumbar laminectomies, a diskectomy, and a bilateral fusion at the L-4 to S-1 level. He sustained a second back injury on June 12, 1986. He filed a second claim against that same previous employer; however, the previous employer controverted this claim on the ground that the claimant was working for a subsequent employer at the time of the second injury. He dismissed his claim.

In filling out a pre-employment application for his present employer (the appellant) on July 18, 1986, the claimant did not list his prior employment with the employer at the time he suffered his 1984 injury. To the question of whether he then or ever had back trouble or injury, he checked "No." He made dashes in answer to a series of questions as to whether or not he ever: had serious injuries; received workers' compensation for an injury; had or been advised to have operations; worn a back support or brace; lost time in the past two years because of illness or injury; or collected disability income benefits in cases of illness or accident. In answer to a question about prior hospitalizations, he indicated that he had been hospitalized for a broken finger. He did not indicate his prior hospitalization for back problems. When he first reported to work, one of the principals of the employer specifically asked him about his prior employment and prior on-the-job injuries. The claimant again denied any injuries other than the broken finger, and again failed to disclose the prior employment during which he sustained the first back injury.

On August 19, 1986, the claimant was moving some 2 inch by 8 inch boards from the back of a trailer to use in unloading a lawn mower which was on the trailer. The claimant's right hand was pinched and cut by the boards; as he moved back to extricate his hand from the boards, he stumbled and fell, fracturing his lower spine at the site of the previous spinal fusion operation — the injury for which he is presently receiving compensation.

The claimant admitted his misrepresentation on the pre-employment form and an oral misrepresentation during an interview, testifying that he knew that he could do the work and that he would not have been hired if he had answered the questions truthfully. The em-

ployer's testimony was that it would not have hired the claimant initially if he had answered the questions truthfully and would have terminated him if this knowledge had been discovered. *Held*:

We review our three statutes which specifically bar compensation. OCGA § 34-9-17 bars compensation for on-the-job injury

> due to the employee's willful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another or due to intoxication or willful failure or refusal to use a safety appliance or perform a duty required by statute or the willful breach of any rule or regulation adopted by the employer and approved by the board, of which rule or regulation the employee has knowledge prior to the accident.

OCGA § 34-9-19 subjects a person who wilfully makes a false or misleading statement or representation for the purpose of obtaining a benefit or payment, to a misdemeanor prosecution. OCGA § 34-9-291 provides:

> No compensation shall be payable for an occupational disease if the employee, in the course of or in the course of entering into the employment of the employer by whom the compensation would otherwise be payable, falsely represented himself in writing to such employer as not having previously been disabled, laid off, or compensated in damages or otherwise because of such disease.

OCGA § 34-9-280 (2) defines occupational disease:

> "Occupational disease" means those diseases which arise out of and in the course of the particular trade, occupation, process, or employment in which the employee is exposed to such disease, provided the employee or the employee's dependents first prove to the satisfaction of the State Board of Workers' Compensation all of the following:
>
> (A) A direct causal connection between the conditions under which the work is performed and the disease;
>
> (B) That the disease followed as a natural incident of exposure by reason of the employment;
>
> (C) That the disease is not of a character to which the employee may have had substantial exposure outside of the employment;

(D) That the disease is not an ordinary disease of life to which the general public is exposed;

(E) That the disease must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence.

An opinion in a case from another jurisdiction has held:

As indicated, our statutes are silent on the effect of a false representation, except as to "occupational disease" and where the statement was made for the purpose of collecting benefits. By implication, we think public policy requires an obligation on the part of an employee, upon inquiry, to be truthful to an employer about preemployment health conditions. Therefore, even if we agree with the appellee that an "injury" and "occupational disease" are separate and distinct from each other and appellee's back injury is not a "disease" within the meaning of [§ 34-9-291], we are of the view that public policy, in the absence of a clear legislative intent to the contrary, requires the application here of the test as stated in 1B Larson's Workmen's Compensation Law § 47-53:

The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

*Shippers Transport of Ga. v. Stepp*, 578 SW2d 232, 233 (Ark. 1979).

In the following cases, the appellate court of each state has adopted this defense without action from the legislature: *Martin Co. v. Carpenter*, 132 S2d 400 (Fla. 1961); *Air Mod Corp. v. Newton*, 215 A2d 434 (Del. 1965); *Volunteers of America of Madison v. Industrial Comm.*, 141 NW2d 890 (Wis. 1966); *Federal Copper &c. Co. v. Dickey*, 493 SW2d 463 (Tenn. 1973); *Cooper v. McDevitt & Street Co.*, 196 SE2d 833 (S.C. 1973); *Shippers Transport of Ga. v. Stepp*, 578 SW2d 232, supra; *Blanton v. Workmen's Comp. Bd.*, 531 SW2d 518 (Ky. 1976); *Martinez v. Driver Mechenbier*, 562 P2d 843 (N.M. 1977); *Givens v. Steel Structures*, 301 SE2d 545 (S.C. 1983).

There are several factors in the rationale of this defense. We have

already mentioned our public policy in favor of truthfulness in employment applications. Additionally, it is a historically sound principle of law that a contractual relationship procured through fraud makes the contract voidable at the behest of the injured party. OCGA § 13-5-5. Since there is a presumption that an employer takes an employee as he finds him, the courts cited above have found it persuasive that an employer be able to rely on the employee's description of his physical condition. Thus, the defrauding employee cannot hide behind the argument that the employer has not engaged in extensive and expensive physical examinations and investigations in order to ascertain the potential employee's health history.

Furthermore, because of the policy of encouraging the employment of disabled persons, Georgia, like many states, provides employers access to a subsequent-injury trust fund for compensable claims arising from pre-existing health conditions. OCGA § 34-9-350 et seq. These funds, however, generally require that the employer have knowledge of the pre-existing condition. See OCGA § 34-9-361. An employee's intentional misrepresentation of his physical condition unfairly and fraudulently deprives the employer of access to the fund benefits to which it is entitled under the law. In none of the cases we have found which approve this defense has the fact that the employer had a policy of not hiring handicapped job applicants constituted grounds for disallowing the defense to the employer. Since, as we have held above, the prospective employee has a duty to truthfully respond to the pre-employment application questions, the employer cannot be said to have "unclean hands" merely because he is either ignorant of, or chooses not to avail himself of, the optional provisions of the subsequent-injury trust fund.

In *General Motors Corp. v. Hargis*, 114 Ga. App. 143 (1) (150 SE2d 303) (1966), the Court of Appeals, noting that Code Ann. § 114-804 (now OCGA § 34-9-291) relates only to the effect of false pre-employment statements concerning previous *occupational disease*, declined to allow this defense based upon an undisclosed previous wrist injury, on the ground that there was no clear legislative intent to that effect. We have gleaned the necessary legislative intent from a review of the workers' compensation statutes above, finding it to be a matter of public policy. Furthermore, the court in *Hargis* observed that the Workers' Compensation Act is otherwise silent as to the effect of a misrepresentation which does not go to the factum of employment and render the employment absolutely void. The court noted that, while there was evidence that the claimant would have been assigned different duties if he had answered the application questions truthfully, there was no evidence showing that the claimant would not have been hired in the first place. In the present case, however, the evidence was that the employer would not have hired the

claimant with full knowledge of his health history. It is not necessary for the employment to be void, as opposed to merely voidable, however, in order for the misrepresentation to constitute a defense to a claim, as long as all of the factors of the three-factor "Larson" test are shown to exist. Under that test, the misrepresentation need only be a substantial factor in the hiring.

In *Ledbetter v. Pine Knoll Nursing Home*, 180 Ga. App. 654 (350 SE2d 299) (1986), the Court of Appeals held that intentional misrepresentation of one's physical condition on an employment application is not the sort of "willful misconduct" that serves as a bar to workers' compensation benefits under OCGA § 34-9-17, because it is not the proximate cause of the subsequent injury. The present case does not involve this Code section in any way. The defense asserted by the appellants relies on traditional theories of fraud and contract, and legislative action is unnecessary to apply the fundamental concepts of the common law of this state. See *McBurney v. Woodward*, 84 Ga. App. 807 (1) (67 SE2d 398) (1951). Furthermore, there is set forth no evidence in the *Ledbetter* case of the employer's reliance upon the employee's misrepresentation in making the employment decision. For these reasons, the *Ledbetter* decision is inapposite.

The findings of the administrative law judge, adopted by the full board and upheld by the superior court, seem to show that all three factors of the three-factor "Larson" test, including a causal connection between the misrepresentation and the injury, exist here. However, since the proceeding was not conducted under this theory, the judgment is reversed and the cause remanded for an evidentiary hearing before the Workers' Compensation Board and findings in accordance with Larson's three-factor test, as was done in a number of the foreign cases which have applied this test. See *Martin Co. v. Carpenter*, supra; *Air Mod Corp. v. Newton*, supra; *Volunteers of America of Madison v. Industrial Comm.*, supra; *Federal Copper &c. Co. v. Dickey*, supra; *Cooper v. McDevitt & Street Co.*, supra; *Shippers Transport of Ga. v. Stepp*, supra. If any factor is absent, then the appellee is entitled to compensation.

*Judgment reversed and remanded. All the Justices concur, except Clarke, P. J., Smith and Gregory, JJ., who dissent.*

DECIDED APRIL 6, 1989.

*Wilson, Strickland & Benson, P. C., N. Sandy Epstein, L. Lou Allen*, for appellants.
*Hodges, Erwin & Hedrick, William H. Hedrick*, for appellee.
*Andrew J. Hamilton, Richard B. North, Jr., J. Michael Upton,*

*Janet E. Hill*, amici curiae.