A91A0278. BYRD'S ELECTRIC & PLUMBING, INC. et al. v.
JOHNSON.
(405 SE2d 548)

SOGNIER, Chief Judge.

Samuel Johnson sought benefits under the Workers' Compensation Act, OCGA § 34-9-1 et seq., alleging he had injured his back in a work-related incident. His claim was denied by both the administrative law judge and the Board of Workers' Compensation. The superior court remanded the case to the Board with direction that it require the ALJ to make certain specific findings. We granted the application for discretionary appeal made by Johnson's employer and its insurer.

The ALJ applied the "three-factor 'Larson' test" adopted by the Supreme Court in *Georgia Elec. Co. v. Rycroft*, 259 Ga. 155, 160 (378 SE2d 111) (1989), and determined that appellee, who had sustained a back injury several years earlier in Texas, had purposefully made a false statement in his employment application form regarding his physical condition; that appellant relied upon the false representation and that its reliance thereon was a substantial factor in the hiring of appellee; and that there was a causal connection between the false representation and appellee's current back injury. After noting statements appellee had made regarding three separate dates for when the

pain in his back arose, only one of which corresponded to the work-related incident appellee alleges was the cause of his back injury, the ALJ stated, "From the above one can see that there is some question as to whether he had an accident on the job or whether he aggravated his previous problem. I find that [appellee] is not entitled to recover *because of the false application.*" (Emphasis supplied.)

On appeal to the Board, the ALJ's ruling on the first Larson factor was reversed by the Board, which found that appellee's response on the employment application did not rise to the level of a false statement so as to bar appellee's receipt of benefits under *Rycroft*, supra. The Board nonetheless affirmed the ALJ's decision, based on the ALJ's finding that appellee's testimony was incredible and unworthy of belief. The superior court, however, after reviewing the ALJ's findings, concluded that the ALJ had made no specific ruling on the credibility of appellee and that neither the ALJ nor the Board had found whether appellee did in fact sustain an accidental injury arising out of and in the course of his employment, and remanded the case to the Board with direction that it be sent back to the ALJ to make those specific findings.

We fully understand the basis for the superior court's judgment, grounded as it is in an order by an ALJ who "feels" instead of "finds" facts and who states legal determinations in phrases such as "I must say I don't buy that," and "I don't believe that is an answer." However, we agree with appellant that despite the absence of an express statement by the ALJ that he found appellee's testimony to lack credibility, the ALJ's findings of fact and conclusion of law were correctly summarized by the Board, which concluded that the ALJ "found" that appellee's testimony was incredible and unworthy of belief. Therefore, that part of the superior court's judgment remanding the issue of appellee's credibility is reversed.

Regarding the issue whether appellee's back injury arose out of and in the course of his employment, we note that the ALJ, in finding that the third Larson factor in *Rycroft*, supra at 158, existed, tracked the language used by the Supreme Court in that opinion, i.e., that "[t]here must [be] a causal connection between the false representation and the injury." The obvious import of the third factor is that there must be a causal connection between the employee's pre-existing physical condition, regarding which the employee made the false representation, and the injury for which benefits are claimed, since to interpret it otherwise would lead to the ludicrous requirement that the false representation, in and of itself (rather than the subject matter of that representation), be causally connected to the injury. However, while the ALJ's finding against appellee as to the third factor necessarily constituted a finding that a causal connection of some nature existed between appellee's 1982 back injury and his

current back injury, we are unable to conclude from this finding that the ALJ did, indeed, resolve the issue whether appellee's current back injury arose out of and in the course of his employment, since the ALJ subsequently noted that "there is some question" whether appellee had an accident on the job or whether he aggravated his previous problem, and then failed to resolve that question.

Accordingly, based on our review of the findings of fact and conclusions of law submitted by the ALJ, we affirm the superior court's ruling remanding this case to the Board with direction that the ALJ make a specific finding regarding the second issue.

*Judgment affirmed in part, reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 11, 1991 —
REHEARING DENIED APRIL 30, 1991 — 

*Savell & Williams, John M. Williams, Debra L. Dalton*, for appellants.
*Larry N. Hollington*, for appellee.

