A92A0456. GORDON COUNTY FARMS et al. v. EDWARDS.
(420 SE2d 607)

POPE, Judge.

We granted the application for discretionary appeal of the employer in this workers' compensation case to review the judgment of the superior court. That judgment affirmed the order of the Board of Workers' Compensation denying the employer's defense controverting the claimant employee's right to collect benefits. The pertinent facts of the case are as follows: In 1975, several years before being employed by the employer, the claimant suffered a work-related back injury which necessitated back surgery for a diskectomy at the L4-L5 level of the spine. The claimant received workers' compensation benefits but his medical records indicate he was ultimately released for return to work with no restrictions.

After working at several other jobs with no physical problems, including a temporary job with the employer, in 1983 the claimant applied for a permanent job with the employer. The record contains a written job application in which the claimant did not list as a previous employer the employer for whom he worked when he was previously injured. It also shows a check mark by the "no" response to the question "Have you ever been hurt on the job?" Before offering claimant the job, the employer had a physician perform a physical examination on the claimant. The written report of the examination, signed by both the physician and the claimant, indicated no back injury or disability. That portion of the report presumably filled out by the physician contained check marks in the "normal" column for the cervical, dorsal and lumbar spine and contained the notation "none" in a space for listing disqualifying factors. After working at his permanent position with the employer for approximately two years, the claimant sustained a back injury which necessitated a hemilaminectomy at L4-L5 and L5-S1 and a subsequent lumbar laminectomy.

It is uncontroverted that the injury arose out of the claimant's employment and the employer commenced voluntary payment of benefits. In 1989, however, the employer suspended payment of benefits on the ground that it had discovered evidence of the claimant's previous work-related back injury and a hearing was held on the employer's claim that compensation should be retroactively denied on what it claimed was newly discovered evidence of the claimant's misrepresentation. The administrative law judge denied the employer's defense, finding no causal connection between the previous injury and the present injury, as required by the test adopted by the Georgia Supreme Court for determining when the employee's misrepresentation of a previous work-related injury serves as a bar to compensation in *Georgia Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989). The board adopted the findings of the ALJ, also adding the conclusion that the alleged misrepresentation of the employee in this case did not constitute newly discovered evidence which would permit the employer to controvert benefits pursuant to OCGA § 34-9-221 (h).

We agree that the facts of this case do not establish that the alleged misrepresentation is newly discovered evidence pursuant to OCGA § 34-9-221 (h). Where the employer is thwarted in its opportunity to discover the evidence supporting its defense of the claim by the claimant's own misrepresentation of facts, then evidence of noncompensability which is discovered after the expiration of the 60-day period for controverting a claim, as set forth in OCGA § 34-9-221 (h), is newly discovered evidence which gives the employer a ground for controverting benefits. *Carpet Transport v. Pittman*, 187 Ga. App. 463 (2) (370 SE2d 651) (1988). For evidence to qualify as newly

discovered, however, "[i]t must be shown that the evidence was not known to the party at the time of the original hearing, and that, by reasonable diligence, this new evidence could not have been secured." (Citation and punctuation omitted.) *Georgia Power Co. v. Pinson*, 167 Ga. App. 90, 91 (305 SE2d 887) (1983). In this case, the employer, by and through a physician it hired for the purpose, conducted a physical examination of the claimant, including an examination of the lumbar spine. The record contains the claimant's uncontroverted testimony that a scar was visible on his lower back from the earlier surgery. Yet the physician concluded the claimant's spine was normal and found no disqualifying factors in the claimant's physical condition. Thus, even if the claimant misrepresented his physical condition on his application for employment, in this case the employer was not prevented, through the exercise of ordinary diligence, from discovering his previous back surgery and thus discovering the cause for it.

We do not intend to imply that an employer may not rely upon an employee's representations concerning his physical condition or medical history and thus may never claim that discovery of misrepresentations constitutes newly discovered evidence to controvert benefits. As noted in the specially concurring opinion, the Georgia Supreme Court has held that the "employee cannot hide behind the argument that the employer has not engaged in extensive and expensive physical examinations and investigations in order to ascertain the potential employee's health history." *Rycroft*, 259 Ga. at 159. In this case, however, when the employer undertook to conduct a physical examination from which the true facts were discoverable through the exercise of ordinary diligence, then it was precluded from later claiming that the true facts were newly discovered after benefits had already been paid.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur specially.*

CARLEY, Presiding Judge, concurring specially.

I reluctantly concur with the majority that the judgment of the superior court affirming the full Board should be affirmed. However, I do so only on the basis that, under the "any evidence rule" the superior court and this Court are bound by the determination of the full Board that there was not a sufficient causal connection between the false representation and the injury. This is the third element of the *Rycroft* defense as enunciated by the Supreme Court in *Georgia Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989).

However, I strongly disagree with the majority's conclusion that the employer was precluded from relying upon the *Rycroft* defense because the alleged misrepresentation was not "newly discovered" evidence. A review of the record shows the application for employment

by the claimant wherein he clearly and unequivocally denied any prior injury to his back and any prior work injury at all. Based upon the severity of the current injury, the employer in good faith paid all medical expenses and commenced income benefits. It was only in 1989 when the employer learned that there had been a prior serious back injury and this knowledge came from the employer's discovery that claimant settled that prior claim for $30,000.

The majority incorrectly relies upon the fact that at the time of the commencement of employment of claimant by employer, a physician engaged by employer conducted a physical examination of the claimant. It is clear that the physician conducted the examination and submitted his report based upon claimant's application wherein he asserted that he had *no* previous back problems or injury. "Since there is a presumption that an employer takes an employee as he finds him, the courts cited above have found it persuasive that an employer be able to rely on the employee's description of his physical condition. Thus, the defrauding employee cannot hide behind the argument that the employer has not engaged in extensive and expensive physical examinations and investigations in order to ascertain the potential employee's health history." *Georgia Elec. Co. v. Rycroft*, supra at 159. The mere fact that an ordinary and usual pre-employment physical examination was done in which the examining physician relied upon the fraudulent misrepresentation of the employee should not preclude assertion of the *Rycroft* defense in a proper case.

It is true that the majority does limit its preclusion of the assertion of a *Rycroft* defense to the situation where, as in this case, the "employer undertook to conduct a physical examination from which the true facts were discoverable. . . ." (majority opinion, page 772.) However, the effect of this holding is to penalize an employer for requiring a pre-employment physical exam if that examination does not uncover the fact that the employee has made blatantly false statements and misrepresentations. I respectfully submit that the situation would be different if the examining physician *had* discovered that the employee's statement concerning his medical history was untruthful and the employer had hired the applicant. Here no such discovery was made.

Accordingly, I concur in the judgment of affirmance only because we are bound by the finding of fact that there was no causal connection between the misrepresentation and the compensable injury.

I am authorized to state that Judge Johnson joins in this special concurrence.

Decided June 17, 1992 —
Reconsideration denied July 2, 1992 —

*Kinney, Kemp, Pickell, Sponcler & Joiner, Maurice Sponcler, Jr.,* for appellants.
*Mundy & Gammage, John M. Strain,* for appellee.