A93A2492. FORT HOWARD CORPORATION et al. v. DEVOE.
(442 SE2d 474)

SMITH, Judge.

In this workers' compensation case Theodore William Devoe's claim for benefits was denied by the administrative law judge, and the Board of Workers' Compensation affirmed. Fort Howard Corporation and U. S. Fidelity & Guaranty Company, the employer and insurer (collectively, "Fort Howard"), applied for a discretionary appeal from the superior court's judgment reversing the Board and remanding the

case for new findings. We granted Fort Howard's application to consider the scope of the rule established in *Ga. Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989).

In *Rycroft*, the Supreme Court adopted a test originally set forth in 1B Larson's Workmen's Compensation Law, § 47-53, and outlined the circumstances under which an employee's false statement in an employment application will bar workers' compensation benefits:

" 'The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.' [Cit.]" 259 Ga. at 158.

It is undisputed that Devoe made a misrepresentation on the medical information form he completed on his first day at work. Devoe acknowledged he falsely stated on the medical form that he had never missed any time from work because of an on-the-job injury, that he had never injured his back or spine, and that he had never had any trouble with his back or spine. In fact, he had been unable to work for approximately two months and had received substantial workers' compensation benefits for a back injury suffered while working for a previous employer. It is also undisputed that Devoe's injuries were to the same area of his spine, and there was testimony that there was reinjury or aggravation of the original injury.

The second factor of the *Rycroft* test, reliance upon the false representation in hiring, is in dispute here. We must determine whether a representation made during an employment intake process, but before the employee begins his actual work, may constitute a "substantial factor in the hiring" within the meaning of *Rycroft*. We hold that it may.

With respect to this issue, the evidence presented before the ALJ showed that Fort Howard has an elaborate, multi-step hiring process, beginning with a prospective employee's initial application and continuing through interviews, drug testing and a training program to an offer of employment. Upon reporting to the workplace but before beginning work, the employee undergoes "orientation" or "indoctrination" which consists of filling out forms, watching training films, meeting supervisors, and being shown around the workplace before actually beginning work. The medical questionnaire was completed as part of this preliminary orientation process.

An assistant personnel director testified that Fort Howard relied upon the medical questionnaire in determining whether or not to allow the employee to begin actual physical work. The personnel direc-

tor and a nurse testified that truthful answers on Devoe's medical questionnaire would have led to further investigation, including a medical examination. The personnel director testified that Fort Howard probably would not have hired Devoe but would have "sent him home" if the results of the investigation confirmed a history of a back condition, because Fort Howard's entry level jobs involve heavy labor. However, on cross-examination she responded in the affirmative to a suggestion by Devoe's counsel that she did not rely on the medical questionnaire for the "actual hiring decision."

Devoe contends that the second part of the *Rycroft* test is not met because he had already been "hired" at the time he made the misrepresentation. We decline to read *Rycroft* in this narrow, formulaic sense. Devoe misrepresented his ability to perform the work for which he was hired, work which placed him at risk for reinjury. But for Devoe's misrepresentation, Fort Howard would have known of this increased risk and would not have allowed Devoe to begin work without further investigation. The misrepresentation was thus a substantial factor in Fort Howard's decision to place Devoe at the only work available, work which resulted in his injury. This fulfills the second part of the *Rycroft* test.

This interpretation is consistent with *Rycroft*'s stated public policy rationale in favor of truthfulness in employment applications, the voidability of contractual relationships procured through fraud, and the employer's right to rely on an employee's description of his physical condition. 259 Ga. at 158-159. The effect of a false, material statement by an employee should not be determined on the purely fortuitous circumstance of its completion shortly after a "hiring decision" rather than before, at least where, as here, the claimant had not yet entered into the actual employment contemplated at the time of hiring. *General Motors Corp. v. Hargis*, 114 Ga. App. 143 (1) (150 SE2d 303) (1966), does not require a different result. While there was evidence in *Hargis* that the employee would have been allowed to work but assigned to different duties, it appears that only heavy labor jobs were available at Fort Howard, and Devoe would not have been allowed to work. Furthermore, *Rycroft* rejects the distinction made in *Hargis* between a voidable contract of employment and one which is absolutely void. 259 Ga. at 160.

On appeal of a workers' compensation case, the evidence is construed most favorably to the party prevailing before the Board, and neither the superior court nor this court has the authority to substitute its judgment as to the weight and credibility of witnesses. *Impress Communications v. Stanley*, 202 Ga. App. 226, 229 (1) (414 SE2d 238) (1991). If a finding of fact by the Board is supported by any evidence, it is conclusive and binding upon the superior court and this court. *Franks v. Avila*, 200 Ga. App. 733, 735 (4) (409 SE2d 564)

(1991). Although the testimony of the personnel director was to some degree inconsistent, the Board determined that Devoe's misrepresentation was a substantial factor in his employment, and there was evidence to support that conclusion. The superior court therefore erred in reversing the Board.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 — 

*Barrow, Sims, Morrow & Lee, Charles W. Barrow,* for appellants.
*Ralph E. Lamar IV, James K. Lange,* for appellee.