A94A0082. GORDON COUNTY FARM et al. v. COPE.
(442 SE2d 896)

JOHNSON, Judge.

Edith Cope injured her lower back when she slipped and fell while working for Gordon County Farm. She returned to work until becoming totally disabled approximately one month after the accident. Cope filed a claim seeking payment for temporary total disability and medical bills. Gordon and its insurer, Travelers Insurance Company, raised the "*Rycroft* defense," asserting that Cope is barred from any recovery because she falsely stated in her employment application that she had never been bothered by lower back pain. The *Rycroft* defense provides that the following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to her physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury. See *Ga. Elec. Co. v. Rycroft*, 259 Ga. 155, 158 (378 SE2d 111) (1989). The administrative law judge denied Cope's claim, finding that she suffered significant lower back pain before applying for employment with Gordon, that she knowingly misrepresented in her job application that she had never been bothered by lower back pain, that Gordon substantially relied on this misrepresentation in hiring Cope and that there was a causal connection between the misrepresentation and the injury Cope suffered in the fall. The State Board of Workers' Compensation adopted the ALJ's ruling.

The superior court reversed the board's decision, finding that although the board properly applied the first two prongs of the *Rycroft* defense, it misconstrued the final prong of that defense. The trial court ruled that "[t]he proper standard appears to be whether or not the employee's pre-existing condition contributed to the occurrence of the *accident*." (Emphasis supplied.) Gordon and Travelers appeal, arguing that the trial court misinterpreted the third factor of the *Rycroft* defense.

The trial court's ruling is clearly erroneous. As we held in *Byrd's Elec. &c. v. Johnson*, 199 Ga. App. 621, 622 (405 SE2d 548) (1991), "[t]he obvious import of the third [*Rycroft*] factor is that there must be a causal connection between the employee's pre-existing physical condition, regarding which the employee made the false representation, and the *injury* for which benefits are claimed." (Emphasis supplied.) The facts in *Rycroft* support this holding, as well as our subsequent interpretations of the *Rycroft* defense. In *Rycroft*, the accident occurred when the claimant, whose hand was pinched between two boards, moved back in order to extricate his hand from the boards, stumbled and fell, fracturing his spine in the same place where he had a prior injury which he had not revealed to his employer. *Rycroft*, supra at 156. The claimant's prior back condition clearly did not cause the accidental fall; rather, it exacerbated the injury resulting from the fall. Thus, contrary to the trial court's holding in the instant case, neither the facts nor the plain language of *Rycroft* require a causal connection between the physical condition and the accident. The employer is not required to show that Cope's pre-existing back condition in any way caused her fall; rather, it need only show that there is a causal connection between the misrepresentation about the condition and the injury sustained in the fall.

The ALJ found, "[a]lthough there is no evidence to indicate that the fall itself was attributable to the pre-existing back condition, the medical reports indicate that the injury resulting from [the fall] was considerably more severe than would have been the case had the condition not been present. Indeed, it is not clear that there would have been any appreciable injury at all absent the pre-existing condition. In my estimation, this fact establishes a causal connection between the misrepresentation and the injury." The ALJ's finding, adopted by the board, is a correct interpretation and application of the third prong of the *Rycroft* defense and is supported by evidence in the record. See OCGA § 34-9-105 (c). Because the trial court's ruling misconstrues and misapplies the law, it must be reversed.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 23, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994 —

*Baker, Russell & Pacious, Ed G. Russell, Jr.*, for appellants.
*Collins & Eddings, Michael R. Eddings, Davidson & Strain, John M. Strain*, for appellee.