A96A0837. DYNASTY SAMPLE COMPANY et al. v. BELTRAN.
(479 SE2d 773)

POPE, Presiding Judge.

Rosendo Beltran was employed by Dynasty Sample Company. On January 12, 1994, while working for Dynasty, Beltran severed two of his fingers on a piece of machinery. Subsequently, he sought workers' compensation benefits from Dynasty. Dynasty terminated Beltran's employment on February 24, 1994, and denied his claim for weekly indemnity benefits after learning that Beltran had intentionally misrepresented the fact that he was an illegal alien by presenting false documents to Dynasty at the time he applied for employment. Although Dynasty admitted that it could not deny benefits to Beltran solely on the basis of his status as an illegal alien, Dynasty argued that it was entitled to deny the benefits because the contract it entered with Beltran was void or voidable based on Beltran's misrepresentations.

Relying on *Barge-Wagener Constr. Co. v. Morales,* 263 Ga. 190 (429 SE2d 671) (1993), the administrative law judge determined that Beltran was entitled to weekly indemnity benefits, starting on the date he was injured and ending on the date of his termination, on equal protection grounds. The ALJ, however, denied Beltran any income benefits after the date of his termination, finding that Beltran's status as an illegal alien was not a justifiable reason for failing to return to otherwise available and suitable employment existing after the date of his termination. The Appellate Division of the Board of Workers' Compensation adopted the ALJ's findings and award. Beltran did not dispute the decision reached by the ALJ or Board, but Dynasty and its insurer appealed the decision to the superior court. The superior court determined that the ALJ and Board erred in relying on *Barge-Wagener.* We agree with that determination because *Barge-Wagener* dealt with a deceased claimant who was presumed to be a legal resident alien or citizen of the United States, and not an illegal alien. Moreover, we note that illegal aliens are clearly not a "suspect classification" for equal protection purposes. See *Plyler v. Doe,* 457 U. S. 202 (102 SC 2382, 72 LE2d 786) (1982).

The superior court nevertheless concluded that Beltran should receive weekly indemnity benefits based on *Ga. Elec. Co. v. Rycroft,*

259 Ga. 155 (378 SE2d 111) (1989), because Dynasty had failed to demonstrate a causal relation between Beltran's false representations and the injury he suffered. We granted Dynasty and its insurer's application for discretionary appeal to consider whether *Rycroft* is applicable to the case at bar.

In *Rycroft*, the Georgia Supreme Court acknowledged that there were limitations to an employer's ability to deny benefits under the Workers' Compensation Act based on claims of fraudulent inducement in the creation of an employment contract. Therefore, the mere fact that under traditional principles of contract law an employment contract might be void or voidable based on misrepresentations made by the employee is not dispositive in the instant case.[1] In *Rycroft*, the Supreme Court adopted a three-part test for determining when fraud in the inducement is sufficient to bar an employee's claim for benefits.[2] Although the three-factor test adopted in *Rycroft* dealt specifically with misrepresentations regarding an employee's pre-existing physical condition, rather than the employee's resident status, in the absence of any clear legislative direction on the issue to the contrary, we conclude that the test is equally applicable to all cases involving fraud in the inducement of a type not specifically addressed by the Workers' Compensation Act. We reach this conclusion in part by noting that fraud of the type involved in *Rycroft* is even more egregious in relation to workers' compensation than is fraud involving the resident status of an alien worker. Consequently, if fraud in the inducement of the type involved in *Rycroft* alone is not sufficient to necessitate the voiding of an employment contract, neither should fraud of the type involved in the case at bar.

Therefore, for purposes of determining an employee's entitlement to indemnity benefits under the Workers' Compensation Act, we hold that the employment contract between the employee and his employer will not be considered void or voidable for fraud in the inducement concerning matters not specifically addressed by the Workers' Compensation Act, unless the employer can demonstrate: (1) that the employee knowingly and wilfully made a false represen-

---

[1] The fact that traditional contract principles are not always applicable in determining whether a person is an "employee" for purposes of recovering workers' compensation benefits is further evidenced by the definition of "employee" found in OCGA § 34-9-1 (2), which includes minors working under contracts that are illegal based on child labor laws, and thus traditionally would be void or voidable.

[2] Under the holding in *Rycroft*, before fraud in the inducement involving an employee's pre-existing physical condition can serve to bar a claim for workers' compensation benefits, the employer must demonstrate that: (1) the employee knowingly and wilfully made a false representation concerning a pre-existing physical condition; (2) that the employer relied on the false representation and that such reliance was a substantial factor in the hiring of the employee; and (3) that there was a causal connection between the false representation and the injury the employee suffered. 259 Ga. at 158, 160.

tation at the time the employee applied for work; (2) that said false representation was relied on by the employer and was a substantial factor in its hiring decision; and (3) that there is a causal connection between the false representation and the injury for which the employee seeks benefits.

Although we realize that meeting each prong of the above-stated test in cases based on fraud in the inducement of the kind found here will be all but impossible, based on the above, application of the test is warranted.

Accordingly, we affirm the superior court's application of the *Rycroft* test. Because Dynasty failed to meet the third prong of that test by showing a causal connection between Beltran's misrepresentation and the injury he suffered, we also affirm the award of weekly indemnity benefits to Beltran for the period of January 12, 1994 to February 24, 1994.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED DECEMBER 5, 1996 —
RECONSIDERATION DENIED DECEMBER 19, 1996 —

*Drew, Eckl & Farnham, Harold M. Bagley, Phillip C. Griffeth,* for appellants.

*Craig & Elrod, Gene F. Cantrell, John A. Moore,* for appellee.

